UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>     555 Fourth St., N.W.                          )<br>     Washington, D.C.   20530                )<br>                                                              )<br>                         Plaintiff,                     )<br>                                                              )<br>           v.                                                )<br>                                                              )<br>$88,417.00 IN UNITED STATES CURRENCY,   )<br>                         Defendant.                 )<br>_____)  | Civil Action No.: |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

*COMES NOW*, plaintiff United States of America, by and through its attorney, the United States Attorney for the District of Columbia, to bring this verified complaint in a civil action *in rem* seeking the defendant property's forfeiture to plaintiff. As grounds wherefore, plaintiff respectfully states as follows:

### NATURE OF THE ACTION AND DEFENDANT *IN REM*

1. This is a civil action *in rem* to forfeit and condemn to the use and benefit of plaintiff United States of America the defendant personal property, which consists of $88,417.00 in U.S. currency presented on October 3, 2006, to the United States Bureau of Engraving and Printing in Washington, D.C. Plaintiff brings this action pursuant to Title 18, United States Code, Section 981(a)(1), and Title 31, United States Code, Sections 5316, 5317(c)(2) and 5332(c).

### JURISDICTION, VENUE, AND GOVERNING LAW

2. This Court has original jurisdiction of this civil action by virtue of 28 U.S.C. § 1345 because it has been commenced by the United States, and by virtue of 28 U.S.C. § 1355(a), because it is an action for the recovery and enforcement of a forfeiture under an Act of Congress. Venue is

proper in this District by virtue of 28 U.S.C. § 1355(b)(1) because this is a forfeiture action or proceeding brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, and by virtue of 28 U.S.C. § 1395 because a proceeding to forfeit property may be prosecuted in the district in which the property is found. The property to be forfeited now is located in the District of Columbia in the control of an agency of the United States government.

3.   This civil action *in rem* for forfeiture is governed by 18 U.S.C. §§ 983 and 984, and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

## STATEMENT OF FACTS

4.   On October 2, 2006, Mr. Pablo Raul Olaso-Martins and Ms. Margarita I. Olaso-Martins left Uruguay by airplane to travel to the United States. The Olaso-Martins have stated that they are siblings who reside Uruguay and are citizens of that country. The Olaso-Martins were passengers on United Airlines flight # 846, which arrived at Dulles International Airport in Virginia in the United States at about 7:30 a.m. on October 3, 2006.

5.   When presenting herself for entry to the United States at Dulles Airport on October 3, 2006, Ms. Margarita I. Olaso-Martins completed and signed a Customs Declaration form. The form that Ms. Olaso-Martins signed on October 3, 2006, was written in the Spanish language. Ms. Olaso-Martins's form stated that she was travelling with one family member, meaning Mr. Pablo Raul Olaso-Martins. The form required Ms. Olaso-Martins to state whether she or a family member were "carrying currency or monetary instruments over $10,000 U.S. . . . ." Ms. Olaso-Martins's signed form contains a check mark next to the answer "No".

6.   At about 12:00 noon on October 3, 2006, Mr. and Ms. Olaso-Martins presented

themselves at the offices of the U.S. Treasury Department's Bureau of Engraving and Printing (BEP) on 14th Street, S.W., Washington, D.C. The Olaso-Martins indicated that they wished to take part in BEP's program for redeeming damaged or mutilated U.S. currency.

7.  The Olaso-Martins had with them two wooden boxes, which they eventually transferred to BEP employees for the currency redemption program. These boxes contained at least $40,000 in recognizable U.S. currency in $100 notes, as part of a total amount of U.S. currency for redemption, some of it damaged, burnt, or otherwise mutilated, which the Olaso-Martins asserted to be worth about $85,000.

8.  In seeking to take part in the currency redemption program, the Olaso-Martins met with two BEP "mutilated currency specialists" and indicated that they wished to redeem U.S. currency, which they said had been burned in Uruguay. Ms. Olaso-Martins translated into Spanish for Mr. Olaso-Martins what others at the meeting said in English. During the meeting, the Olaso-Martins indicated that they originally had planned to send the currency in the wooden boxes to BEP through the American embassy in Uruguay, but then decided to bring it to the U.S. themselves. The Olaso-Martins asserted that the currency in the wooden boxes had been damaged in a building fire.

9.  The Olaso-Martins gave to the BEP officials the two wooden boxes containing the U.S. currency that they brought to the U.S. from Uruguay. This currency is the defendant property in this action. The Olaso-Martins received a formal BEP "Receipt – Hand Deliveries of Currency" document, whose original copy bears a signature from one of the mutilated currency specialists. The form identifies "Pablo Olaso" as the person seeking to redeem the currency, states that "$85,000" was the amount, and gives a street address in Montivideo, Uruguay, and an e-mail address that includes the designation "MIOlaso," which refers to Margarita I. Olaso. Ms. Olaso-Martins signed

a separate form entitled, "Statement of Conditions Regarding the Acceptance of Mutilated United States Currency for Redemption."

10.     At various times between October 20, 2006, and January 31, 2007, a BEP Investigator, Richard Hattauer, examined the currency in the boxes that the Olaso-Martins had left with BEP on October 3, 2006. The currency has a total value of $88,417, and consisted almost entirely of U.S. $100 notes with a majority of the bills having sequential serial numbers. Of the $85,000 in currency that the Olaso-Martins claimed to have been carrying in the boxes they presented to BEP, more than $40,000 in $100 notes are whole, unburnt, and suffering only from smoke discoloration. A BEP credit union executive has indicated that these notes of U.S. currency from the Olaso-Martins's boxes would be accepted at face value by a U.S. financial institution, for example, in Kansas City.

11.     The Olaso-Martins did not file any written report with the U.S. Government regarding the currency in the two wooden boxes, which they brought with them when they came to the U.S. from Uruguay on October 3, 2006. Leaving aside documents completed during the meeting between the Olaso-Martins and BEP officials on October 3, 2006, no written report ever has been made to the U.S. government by one or the other of the Olaso-Martins stating that they transported two boxes containing more than $10,000 in U.S. currency into the U.S. from Uruguay on October 3, 2006. Nothing that the Olaso-Martins did at the BEP meeting on October 3, 2006, complied with the reporting requirements for importing more than $10,000 in U.S. currency into the U.S.

12.     The Olaso-Martins-supplied currency differs from currency associated with cash collected and stored over time by law-abiding persons. The Olaso-Martins's currency consisted almost entirely of notes of the same $100 denomination, and these $100 notes had sequential serial

numbers. In the Olaso-Martins-supplied currency, there also were burned pieces of paper with names, numbers, and markings similar to those on documents known as "owe sheets" that have been found during police investigations of illegal narcotic trafficking. "Owe sheets" are records that a person is in debt and owes money or has paid money against a debt.

20.     In February 2007, a U.S. Magistrate Judge of the U.S. District Court for the District of Columbia issued a warrant to seize the defendant property. On February 7, 2007, an agent of the U.S. Department of Homeland Security's Immigration and Customs Enforcement (ICE) unit executed this warrant.

21.     Following execution of the warrant, the defendant property was returned to BEP control for processing. The currency has remained in a BEP vault in Washington, D.C., and has been removed from circulation. A cheque corresponding to the value of the currency was issued to U.S. Department of Homeland Security's Customs and Border Protection (CPB) unit, and was deposited in a CPB holding account.

22.     On February 16, 2007, the U.S. Department of Homeland Security and CPB began the process for administrative forfeiture of the defendant property. On April 19, 2006, and April 26, 2007, the Olaso-Martins filed documents, which CPB treated as an administrative claim to the defendant property. After receiving correspondence from the Olaso-Martins, CPB halted the administrative forfeiture process and referred the matter to the Office of the U.S. Attorney for the District of Columbia to seek the defendant property's forfeiture through the judicial process.

## COUNT ONE

1.     The factual statements made in paragraphs 1 through 22 are re-alleged and incorporated by reference herein.

2. Plaintiff brings this *in-rem* civil action because 31 U.S.C. § 5317 makes subject to forfeiture to the United States any property involved in, or traceable to property involved in, a violation of, or a conspiracy to commit a violation of 31 U.S.C. § 5316, which requires certain reports on exporting and importing monetary instruments.

3. The defendant property is subject to forfeiture because it constitutes property involved in, or property traceable to, a violation of 31 U.S.C. 5316, or a conspiracy to commit such a violation, because it amounts to a monetary instrument of more than $10,000, that is, $88,417.00 in U.S. currency, which was transported to a place in the United States from or through a place outside the United States, and no report of this was filed as required by 31 U.S.C. § 5316.

## COUNT TWO

1. The factual statements made in paragraphs 1 through 22 are re-alleged and incorporated by reference herein.

2. Plaintiff brings this *in-rem* civil action because 31 U.S.C. § 5332 makes subject to forfeiture to the United States any property involved in, or traceable to property involved in a violation of, or a conspiracy to commit such a violation of 31 U.S.C. § 5332(a), which proscribes bulk cash smuggling into or out of the United States.

3. The defendant property is subject to forfeiture because it constitutes property involved in, or property traceable to, a violation of 31 U.S.C. 5332(a), or a conspiracy to commit such a violation, that is, a currency-smuggling offense.

WHEREFORE, the plaintiff prays that, as to the above-referenced defendant property, due process issue according to law; that, pursuant to law, notice be provided to all interested parties to appear and show cause why the forfeiture should not be decreed and the defendant property be

condemned as forfeited to the United States of America; and for such other and further relief as this Court may deem just, necessary and proper.

                                        Respectfully submitted,

_/s/_____
JEFFREY TAYLOR
UNITED STATES ATTORNEY
District of Columbia Bar No. 498610

_/s/_____
WILLIAM R. COWDEN
Assistant United States Attorney
District of Columbia Bar No. 426301

_/s/_____
BARRY WIEGAND,
Assistant United States Attorney
District of Columbia Bar No. 424288
555 4th St., N.W., Room 4818
Washington, D.C. 20530
(202) 307-0299

## **VERIFICATION**

I, Roberto E. Moreno, a Special Agent, Immigration and Customs Enforcement (ICE), U.S. Department of Homeland Security, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing Verified Complaint for Forfeiture *In Rem* is based upon reports and information known to me or furnished to me by law enforcement agents and that everything contained in this Complaint is true and correct to the best of my knowledge and belief.

Executed on this 17th day of July, 2007.

    /s/_____
Robert E. Moreno, Special Agent
Immigration and Customs Enforcement (ICE)
U.S. Department of Homeland Security

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
United States of America

**DEFENDANTS**
$88,417.00 in United States Currency

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Barry Wiegand    (202) 307-0299
William R. Cowden
Assistant U.S. Attorneys
555 4th St., NW, Rm. 4818
Washington, DC 20530

Case: 1:07-cv-01271
Assigned To : Lamberth, Royce C.
Assign. Date : 07/17/2007
Description: GEN CIVIL

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- [x] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☒ E. General Civil (Other)   OR   ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☒ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act



| ☐ G. *Habeas Corpus/ 2255* <br> ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination* <br> ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT* <br> ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br><br> *(If pro se, select this deck)* | ☐ J. *Student Loan* <br> ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)* <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)* <br> ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract* <br> ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ N. *Three-Judge Court* <br> ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
18 U.S.C. § 981(a)(1) forfeiture pursuant to violations of reporting requirements (31 U.S.C. § 5316), and bulk cash smuggling (31 U.S.C. § 5332) into or out of the United States.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   **DEMAND $**   Check YES only if demanded in complaint  **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE July 17, 2007   SIGNATURE OF ATTORNEY OF RECORD   *Barry Wiegand*
BARRY WIEGAND
Assistant United States Attorney

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.