UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>555 Fourth St., N.W.      )<br>Washington, D.C. 20530    )<br>               Plaintiff,    )<br>                       )<br>v.                   )<br>                       )<br>$88,417.00 IN UNITED STATES CURRENCY,  )<br>           Defendant.    )<br>                       ) | Case: 1:07-cv-01271<br>Assigned To: Lamberth, Royce C.<br>Assign. Date: 07/17/2007<br>Description: GEN CIVIL |

ANSWER TO COMPLAINT FOR FORFEITURE *IN REM*

Claimant Pablo Raul Olaso Martins, through his undersigned counsel, admits, denies, and avers the sequentially numbered paragraphs of the Verified Complaint For Forfeiture *In Rem* filed by Plaintiff, the United States, as follows:

1.      Paragraph 1 of Plaintiff's Complaint consists of a characterization of Plaintiff's action and legal conclusions to which no response is required. To the extent a response is required, Claimant denies the allegations.

2.      The allegations contained in the first and second sentences of paragraph 2 of Plaintiff's Complaint consist of characterizations of Plaintiff's action and legal conclusions to which no response is required. To the extent a response is required, Claimant denies the allegations. Denies for lack of knowledge sufficient to form a belief as to the truth of the matter asserted the allegation contained in the third sentence of paragraph 2 of Plaintiff's Complaint.

3.      The allegation contained in paragraph 3 of Plaintiff's Complaint consists of a characterization of Plaintiff's action and legal conclusions to which no response is required. To the extent a response is required, Claimant denies the allegation.

4.    Admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.    Admits the allegations contained in paragraph 5 of Plaintiff's Complaint, but avers that the form as described in the Complaint required Claimant to report "currency or monetary instruments over $10,000," not currency over $10,000 that had been mutilated to the point that it was no longer valid, negotiable U.S. currency. Claimant further avers that his sister, Margarita Olaso Martins, and he did not understand the form to require a report of mutilated currency that they believed to be invalid, non-negotiable U.S. currency and that was in fact invalid, non-negotiable U.S. currency.

6.    Admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.    Admits the allegations contained in the first sentence of paragraph 7 of Plaintiff's Complaint.  Denies the allegations in the second sentence of paragraph 7 of Plaintiff's Complaint and avers that all the U.S. currency had been mutilated, was not recognizable as U.S. currency, and was not valid or negotiable as U.S. currency.

8.    Admits the allegations contained in paragraph 8 of Plaintiff's Complaint. Claimant avers that he indicated that he originally planned to send the mutilated currency not through the American Embassy, but through the Central Bank of Uruguay ("BCU"). Claimant further avers that Ms. Olaso and he talked to the Treasurer of the BCU, who was willing to help.  Claimant further avers that the Treasurer told Ms. Olaso and him that the BCU, once or twice a year, sends a courier to the U.S. Treasury, and they could send the mutilated currency in it with a petition of redemption. Claimant further avers that this was what he was going to do, but the Treasurer told Ms. Olaso and him that he could not take any special care of the mutilated currency and that they would put it in a bag with the rest of the consignment and just send it by "courier."  Claimant further avers

2

that he thought the mutilated currency could arrive in even worse condition than it was in when presented to the BEP. Claimant finally avers that Ms. Olaso and he agreed that the best thing they could do (regarding the amount of money) was to take it themselves to the BEP.

9.    Admits the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.    Denies the allegations contained in the first sentence of paragraph 10 of Plaintiff's Complaint for lack of knowledge sufficient to form a belief as to the truth of the matter asserted. Denies the allegations contained in the second and third sentences of paragraph 10 of Plaintiff's Complaint. Denies the allegations contained in the fourth sentence of paragraph 10 of Plaintiff's Complaint for lack of knowledge sufficient to form a belief as to the truth of the matter asserted.

11.    Denies the allegations contained in the first sentence of paragraph 11 of Plaintiff's Complaint. Admits the allegations contained in the second sentence of paragraph 11 of Plaintiff's Complaint, but avers that no report was required to be filed because the currency was mutilated and no longer valid, negotiable U.S. currency. The third sentence of paragraph 11 of Plaintiff's Complaint is a legal conclusion to which no response is required; to the extent a response is required, Claimant denies the allegation.

12.    Denies the allegations contained in the first sentence of paragraph 12 of Plaintiff's Complaint for lack of knowledge sufficient to form a belief as to the truth of the matter asserted. Admits the allegation contained in the second sentence of paragraph 12 of Plaintiff's Complaint, but avers that the currency was mutilated to the point that it was no longer valid, negotiable U.S. currency. Admits the allegation contained in the third sentence of paragraph 12 of Plaintiff's Complaint that there were burned pieces of

paper with names, numbers and markings; denies that the Claimant supplied valid,

negotiable U.S. currency and avers that the currency was mutilated to the point that it was

no longer valid, negotiable U.S. currency; and denies for lack of knowledge sufficient to

form a belief as to the truth of the matter asserted the allegation that the names, numbers,

and markings were similar to documents known as "owe sheets" that have been found

during police investigations of illegal narcotic trafficking. Denies for lack of knowledge

sufficient to form a belief as to the truth of the matter asserted the allegation contained in

the fourth sentence of Plaintiff's Complaint.

13-19. The Plaintiff omits paragraphs 13-19 from its Complaint.

20.      Admits the allegations contained in the first sentence in paragraph 20 of

Plaintiff's Complaint. Denies the allegations contained in the second sentence of

paragraph 20 of Plaintiff's Complaint for lack of knowledge sufficient to form a belief as

to the truth of the matter asserted.

21.      Denies the allegations contained in paragraph 21 of Plaintiff's Complaint

for lack of knowledge sufficient to form a belief as to the truth of the matter asserted.

22.      Admits the allegations contained in paragraph 22 of Plaintiff's Complaint.

## COUNT I

23.      Claimant re-alleges and incorporates by reference his answers to

paragraphs 1-22.

24.      Paragraph 2 of Count I of Plaintiff's Complaint consists of a

characterization of Plaintiff's action and legal conclusions to which no response is

required. To the extent a response is required, Claimant denies the allegations.

25.     Paragraph 3 of Count I of Plaintiff's Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Claimant denies the allegations.

## COUNT II

26.     Claimant re-alleges and incorporates by reference his answers to paragraphs 1-22.

27.     Paragraph 2 of Count II of Plaintiff's Complaint consists of a characterization of Plaintiff's action and legal conclusions to which no response is required.  To the extent a response is required, Claimant denies the allegations.

28.     Paragraph 3 of Count II of Plaintiff's Complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Claimant denies the allegations.

29.     Denies that Plaintiff is entitled to the relief requested in its prayer for relief.

30.     Denies each and every allegation of material fact not admitted, denied, or otherwise qualified.

## AFFIRMATIVE DEFENSES

1.     Failure To State A Claim.  Plaintiff's Complaint should be dismissed because it fails to state a claim against $88,417.00 in United States Currency upon which relief can be granted.

2.     Failure To Plead With Particularity.  Plaintiff's Complaint should be dismissed because it does not contain sufficient particularity to satisfy Rule E(2)(A) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

      3.     <u>Innocent Owner</u>.  Plaintiff's Complaint should be dismissed because Claimant is an innocent owner of the $88,417.00 in United States Currency pursuant to 18 U.S.C. § 983(d).

      4.     <u>Eighth Amendment</u>.  Plaintiff's Complaint should be dismissed because the forfeiture of the Property would be excessive in violation of the Eighth Amendment to the United States Constitution.

      5.     <u>Lack Of Scienter</u>.  Plaintiff's Complaint should be dismissed because the Claimant lacked the requisite intent to violate 31 U.S.C. §§ 5316, 5332 or other federal statutes.

## PRAYER FOR RELIEF

      Wherefore, Claimant prays for the following relief against Plaintiff:

      1.     That Plaintiff take nothing by the Complaint and that the Complaint be dismissed with prejudice;

      2.     That judgment be entered against Plaintiff and in favor of Claimant;

      3.     That the mutilated currency or the equivalent in valid, negotiable U.S. currency be returned to Claimant.

      4.     For costs of suit incurred herein, including reasonable attorneys fees; and

      5.     For such other and further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Claimant hereby

demands a jury trial as to all issues so triable in the Complaint.

Respectfully submitted,

*/s/ Martin M. McNerney*
Joseph W. Dorn (D.C. Bar # 233374)
Martin McNerney (D.C. Bar # 333161)
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 737-0500

Counsel for Claimant
24 September 2007                           Pablo Raul Olaso Martins

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of September 2007, a true and correct copy of the foregoing answer was served, via U.S. mail, postage pre-paid, on

Jeffrey A. Taylor
United States Attorney
Barry Weigand
Assistant United States Attorney
Office of the United States Attorney
555 Fourth Street, N.W. Room 4818
Washington, D.C. 20530


/s/ Jeffrey M. Telep
Jeffrey M. Telep