UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>$88,417.00 IN UNITED STATES CURRENCY,<br>　　　　　　Defendant.<br><br>PABLO RAUL OLASO MARTINS,<br>　　　　　　Claimant. | Civil No. 07-01271 (RCL)<br>ECF |

## REPORT OF CONFERENCE AND PROPOSED SCHEDULING ORDER

　　　To comply with this Court's previous orders and LCvR 16.3, counsel for plaintiff United States of America and for claimant Pablo Raul Olaso Martins respectfully submit this report and a proposed scheduling order.  There are no other parties in this case.

1.　　　Within ten days of the Court's order of September 25, 2007, as well as before it, counsel for the United States plaintiff and for claimant conferred electronically.  Counsel also arranged two meetings, but amicably agreed to defer them because materials needed to make the sessions productive had not been received in the United States.  Counsel now expect to meet shortly after filing this report, but believe that this does not require asking the Court to extend the deadline of October 22, 2007, by which this report and proposed order is due.

2.　　　This is a civil forfeiture action *in rem*, which the United States filed in July 2007, to forfeit a quantity of U.S. currency valued at $88,417.00.  The United States alleged two grounds for forfeiture: (1) the currency was a monetary instrument of more than $10,000, which was transported into the U.S. from outside the country, and no report of this was filed as required by 31 U.S.C. § 5316; and, (2) the currency was bulk cash that had been concealed and transported into the United

States, and thus involved in a currency-smuggling offense, or a conspiracy to commit one, in violation of 31 U.S.C. 5332(a). Plaintiff brought this action under 18 U.S.C. § 981(a)(1) and 31 U.S.C. §§ 5316, 5317(c)(2), and 5332(c).

3. Mr. Pablo Olaso Martins has filed a verified claim to the defendant currency and an answer to the forfeiture complaint, in which he opposes the forfeiture and asks that the money be returned to him. Claimant is represented by counsel, Mr. Joseph W. Dorn and Mr. Martin M. McNerney, Esq., of King & Spalding, LLP. Plaintiff and claimant are the only parties before the Court in this matter, and they do not expect anyone else to join this case.

II.     **Plaintiff's Statement of the Case**:

4. On October 2, 2006, Mr. Pablo Raul Olaso-Martins and his sister flew from Uruguay to the United States. When presenting herself for entry to the United States at Dulles Airport in the morning of October 3, 2006, the sister completed and signed a Spanish-language Customs Declaration form for Mr. Olaso-Martins and herself. The form required the travellers to state if they were "carrying currency or monetary instruments over $10,000 U.S. . . . ." The signed form is checked "No."

5. That afternoon, on October 3, 2006, the Olaso-Martins went to offices of the U.S. Bureau of Engraving and Printing (BEP) in Washington, D.C., to take part in BEP's program for redeeming damaged or mutilated U.S. currency. The Olaso-Martins had with them two wooden boxes, which contained at least $40,000 in clearly recognizable U.S. currency in $100 notes, as part of a total amount of U.S. currency for redemption, some of it burnt, damaged, or otherwise mutilated. The Olaso-Martins asserted that all of the currency that they were transporting was worth about $85,000, and that it had been damaged in a building fire. This currency is the defendant in this action.

**Claimant's Statement of the Case**:

Claimant, Pablo Raul Olaso Martins, is the owner of the defendant currency. Mr. Olaso Martins earned the currency through his cattle business in Uruguay and held the currency in the Banco de la Republica Oriental del Uruguay (the "Uruguay Bank"). In 2005, Mr. Olaso Martins withdrew the currency because of a financial crisis in Uruguay and kept it in a safe on his father's farm. On July 8, 2006, the farm was devastated by fire and the currency was destroyed by fire and smoke. Mr. Olaso Martins understood from the Uruguayan Bank that the currency was so affected and discolored by the fire and smoke that it was no longer valid U.S. currency.

Mr. Olaso Martins then sought to take advantage of the Treasury Department's currency exchange program. To that end, he and his sister, Margarita Olaso Martins, traveled to the United States with the currency on October 2-3, 2006. Upon entry into the United States, they were asked to declare whether they were "carrying currency or monetary instruments over $10,000 U.S. . . . ." on a Customs Declaration form. At the time they were required to make such declaration, the mutilated currency in their possession was no longer "currency or monetary instruments over $10,000 U.S." Even if the currency did qualify as "currency or monetary instruments over $10,000 U.S.," for purposes of the Customs Declaration, the Olaso Martins had a reasonable good faith belief that they were not required to declare destroyed and mutilated currency.

On the day of their arrival in the United States, the Olaso Martins traveled to the BEP in Washington, D.C. to participate in the Treasury Department's currency exchange program. They indicated their interest in participating in the program, tendered the mutilated currency to BEP, and received a receipt from BEP in exchange. In February 2007, Mr. Olaso Martins received notice from the Bureau of Customs and Border Protection dated February 16, 2007 that the currency had

been seized.

As described above, forfeiture of the Defendant currency is being sought under 28 U.S.C. § 981(a)(1) and 31 U.S.C. §§ 5316, 5317(c)(2), and 5332(c).  In order for a violation of § 5316 to exist, Claimant, Pablo Raul Olaso Martins, must have "knowingly . . . transported monetary instruments of more than $10,000 at one time . . . to a place in the United States from or through a place outside the United States . . . ."  The mutilated currency Mr. Olaso Martins transported into the United States was no longer valid U.S. currency or a monetary instrument under this section because it had been destroyed by smoke and fire.  Even if the currency was a monetary instrument for purposes of § 5316, Mr. Olaso Martins did not transport such currency knowingly.  Rather, he had a reasonable good faith belief that the currency was no longer valid U.S. currency or a monetary instrument under § 5316 because it had been destroyed by smoke and fire.

In order for a violation of § 5332(c) to exist, the currency must have been involved in a violation of 18 U.S.C. § 5332(a) or a conspiracy to commit such violation.  Section 5332(a) makes it a criminal offense for anyone "with the intent to evade a currency reporting requirement under § 5316, [to] knowingly conceal[] more than $10,000 in currency or other monetary instrument . . . and transport[] . . . such currency or monetary instruments . . . from a place outside the United States to a place within the United States . . . ."  Mr. Olaso Martins did not have any intent to evade a currency reporting requirement under § 5316.  Rather, on the day arrived in the United States and made his declaration to Customs, he proceeded directly to BEP to exchange the mutilated currency for good currency pursuant to the Treasury Department's currency exchange program.  Mr. Olaso Martins' post-entry conduct evidences a lack of intent to commit a criminal offense.   Mr. Olaso also has raised certain affirmative defenses to forfeiture of the currency.

III.    **Procedural Status**: Plaintiff filed its verified complaint for forfeiture of the defendant

Case 1:07-cv-01271-RCL   Document 8   Filed 10/22/2007   Page 5 of 10

property to initiate this action on July 17, 2007. Mr. Pablo Raul Olaso Martins filed a verified claim to the defendant property on September 4, 2007, and then filed an answer to plaintiff's complaint on September 24, 2007. There have been no other pleadings filed in this action.

IV. **The following information is provided consistent with Local Civil Rule 16.3(c)**:

(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

**The parties do not anticipate filing a dispositive motion before initiation of discovery. Plaintiff anticipates filing a dispositive motion after conclusion of discovery. Claimant also anticipates filing a dispositive motion after the conclusion of discovery.**

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**The parties do not anticipate joining other parties. They do not now anticipate amending the pleadings at this time, although plaintiff submits that an amendment to the complaint might be appropriate, depending upon what discovery reveals. If there is a need to join other parties or amend the pleadings, the parties will do so within 120 days of the report. The parties will try to narrow the factual and legal issues.**

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**The parties do not consent to assignment of the case to a Magistrate Judge.**

(4) Whether there is a realistic possibility of settling the case.

**The Parties believe there is some possibility of settlement.**

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

**The Parties do not believe the case could benefit from the Court's ADR procedures at this time and recommend against taking any steps to facilitate such ADR.**

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**Plaintiff anticipates filing a post-discovery motion for summary judgment. Claimant also**

**anticipates filing a post-discovery motion for summary judgment.**

**The parties agree that if a post-discovery dispositive motion is to be filed, it shall be filed within 45 days after the close of discovery; that the opposing party shall have 30 days thereafter in which to file an Opposition; and that the moving party shall have 15 days to file a Reply.**

(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and whether any changes should be made in the scope, form or timing of these disclosures.

**Plaintiff submits that Fed. R. Civ. P. 26(a)(1) is inapplicable to civil forfeiture cases. This case is governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which took effect on December 1, 2006. Regardless, the parties consent to elimination of initial disclosures, which otherwise would be required by Fed.R. Civ.P. 26(a)(1).**

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**The parties believe that discovery could be completed in six months, and the proposed scheduling order reflects this. But, claimant lives in Uruguay, and some key documents in this case are in Spanish. Thus, the parties respectfully note the possibility that they later might need to ask the Court to extend the time for discovery. At this time, the parties do not see a need for particular limitations on discovery.**

(9) Whether the requirements of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., should be modified, and whether and when depositions should occur.

**Plaintiff believes that the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified so that a proponent's Rule 26(a)(2) statements will be due within 60 days of commencement of discovery, and an opponent's Rule 26(a)(2) statements will be due within 90 days after commencement of discovery.**

(10) Class Actions

**The parties believe that there are no class issues in this case.**

(11) Bifurcation of discovery or trial.

**The parties do not see a need to bifurcate discovery or trial.**

(12) The date for the pre-trial conference.

**The parties propose that a pretrial conference be held, if necessary, 30 days after a decision on all post-discovery dispositive motions**, **or, if no dispositive motions are filed, 60 days after the close of discovery.**

(13) Setting Trial date at first scheduling conference or at pretrial conference.

**The parties recommend that the Court set a trial date at the pretrial conference.**

(14) Any other matters to be included in a scheduling order.

**The parties do not believe that there is any other matter not addressed above that should be included in a proposed Scheduling Order, which is attached.**

              Respectfully submitted,

              /s/ *Jeffrey A. Taylor*
              JEFFREY A. TAYLOR, D.C. Bar #498610
              United States Attorney

              /s/ *Barry Wiegand*
              Barry Wiegand, D.C. Bar #424288
              Assistant United States Attorney
              555 4th Street N.W., Fourth Floor
              Washington, D.C. 20530
              (202) 307-0299 (with voice-mail)
              (202) 514-8707 (Telefax)
              William.B.Wiegand@USDoJ.Gov (e-mail)
              Counsel for Plaintiff United States

              and

              */s/ Joseph W. Dorn*
              Joseph W. Dorn, D.C. Bar Number 233379
              Martin M. McNerney, D.C. Bar Number 333161
              King & Spalding LLP
              1700 Pennsylvania Avenue, NW
              Washington, DC 20006
              (202) 737-0500
              JDorn@kslaw.com
              Counsel for Claimant Pablo Raul Olaso Martins

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, before filing this REPORT OF CONFERENCE AND PROPOSED SCHEDULING ORDER, I obtained approval to do so from: Mr. Joseph Dorn and/or Mr. Martin M.

McNerney, Esq., King & Spalding LLP, 1700 Pennsylvania Avenue, N.W., Washington, DC 20006, (202) 737-0500, JDorn@kslaw.com and that I also caused it to be transmitted to him through this Court's ECF system upon filing with the Court, on the 22d day of October 2007.

                                                                 */s/ Barry Wiegand*
                                                                 Barry Wiegand
                                                                 Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                  Plaintiff,        )<br>                            )<br>      v.        )<br>                            )<br>$88,417.00 IN UNITED STATES CURRENCY,  )<br>                  Defendant.        )<br>_____)<br>                            )<br>PABLO RAUL OLASO MARTINS,        )<br>                  Claimant.        )<br>_____) | Civil No. 07-01271 (RCL)<br>ECF |

## INITIAL SCHEDULING ORDER

This matter came before the Court following submittal by the parties of REPORT OF CONFERENCE AND PROPOSED SCHEDULING ORDER. The times for completing the pre-trial matters, which are set forth below, run from the date of this Order.

Initial disclosures under Fed. R. Civ. P. 26 are inapplicable to this case. The parties may use methods of discovery in any sequence in accordance with Fed. R. Civ. P. 26(d). Discovery shall commence 30 days after this order.

A party's Rule 26(a)(2) statements will be due within 60 days of start of discovery, and an opponent's Rule 26(a)(2) statements will be due within 90 days of start of discovery. The parties shall have 180 days to complete discovery. Dispositive motions, if any, shall be filed within 45 days of the close of discovery, with all further pleadings due within the time frames set forth in the applicable rules.

A trial will be scheduled at the pretrial conference which shall be held, if necessary, approximately 30 days after a decision on all post-discovery dispositive motions, or, if no dispositive

motions are filed, approximately 60 days after the close of discovery.

SO ORDERED.

_____    _____
Dated                                                    ROYCE C. LAMBERTH
                                                          United States District Judge

cc:   Joseph W. Dorn, Esq.
      Martin M. McNerney, Esq.
      Counsel for Claimant Pablo Raul Olaso Martins
      King & Spalding LLP
      1700 Pennsylvania Avenue, NW
      Washington, DC 20006
      (202) 737-0500
      JDorn@kslaw.com

      Barry Wiegand
      Assistant United States Attorney
      555 4th Street N.W.
      Washington, DC 20530
      (202) 307-0299 (with voice-mail)
      (202) 514-8707 (Telefax)
      William.B.Wiegand@USDoJ.Gov